R. M. MILLER, Adm'r, v. PHARR & MEANS, Ex'rs, and others.

*Suit on Constable's Bond—Evidence.*

1. Where the breach assigned in a suit on a constable's bond is that the constable failed to return a note to plaintiff, which he had placed in his hands for collection, it is a sufficient defence to show, as held in *Gregory* v. *Hooks*, 11 Ired. 371, that the officer had obtained judgment on the note before a justice of the peace, for then the note became merged in the judgment and remained in the office of the justice.

2. In such case, where the officer obtained judgment on a particular note, and the entry on the docket was, " debt settled, costs paid into office," *it was held* (the constable and justice both being dead), that the testimony of plaintiff's attorney that he had from time to time received money on the various claims placed in his hands for collection, but could not remember upon which, is some evidence that the constable paid the same to the plaintiff.

(*Gregory* v. *Hooks*, 11 Ired. 371, cited and approved.)

CIVIL ACTION upon a constable's bond, tried at Spring Term, 1882, of MECKLENBURG Superior Court, before *Gudger, J.*

This action is brought on the official bond, given in 1869 by J. N. Caldwell, as constable, with the defendants, E. P. Cochrane and J. S. Means, as his sureties. The said Caldwell and Means are both dead, and the defendants, H. S. Pharr and J. D. Means, are their executors.

The plaintiff alleges that in September, 1874, he, as the administrator of William Ross, deceased, placed a large number of claims in the hands of said Caldwell, as constable, for collection, and amongst them a note on Hugh Gilston, Joshua Glover, and John W. Elms, for seventy-five dollars, subject to a credit of $43.50, and he complains :

1. That Caldwell collected the claims and failed to pay over the proceeds.

2. That he failed to account for the evidences of debt, when demanded of him.

MILLER *v.* PHARR.

On the trial, Clement Dowd, witness for plaintiff, testified that as his attorney he placed the claims in the hands of Caldwell, as constable, for collection, and took a receeipt therefor, which receipt has been lost; that the said constable afterwards returned two of the claims, but which two the witness could not remember, though he erased them from the receipt; that the constable also paid him money from time to time on the claims, for which he gave him receipts, and after the death of the constable, the witness made a demand upon his executors, either to pay the money collected or return the papers, telling them however that he thought there was very little, if any thing, due on them, and that his chief object was to get up the papers. Witness could not tell upon which of the claims money had been paid him.

John W. Elms, a witness for the defendants, testified that he had paid to A. H. Martin, a justice of the peace, the balance due on the note given to the plaintiff's intestate by Gilston, Glover, and himself, and also the costs of action thereon in the justice's court. The justice is dead, but his docket was introduced showing the following entries:

| | |
|---|---|
| " R. M. MILLER, administrator of WILLIAM Ross, decea sed,<br><br>*v.*<br><br>HUGH GILSTON, JOSHUA GLOVER and JOHN W. ELMS. | November 8th, 1870.<br>Judgment for plaintiff—<br>Principal .........$ 37.00<br>Interest............ 1.85<br>Costs ..:............ 4.35<br>─────────<br>$ 43.20 |

Debt settled, costs paid into office."

The note was on file with the papers in the justice's office, and also an execution filled up, but which did not appear to have been issued.

The justice died in the year 1875, and the constable in 1877, and no demand was ever made upon the latter for the money or the note.

After the evidence was closed, the plaintiff abandoned all his causes of action, except that of the note on Gilston, Glover and Elms, and, with reference to it, requested the court to charge the jury :

1. That if Caldwell received the note for collection and failed to return it on demand, there was a presumption that he had collected it or converted it to his own use.

2. That if the entry upon the justice's docket, " Debt settled, cost paid into office," meant that Caldwell retained the amount of the debt and paid only the costs into office, the jury should find for the plaintiff, as to this debt, as there was no evidence that he had ever paid the amount to the plaintiff.

These instructions the court declined to give, and the plaintiff excepted. Verdict and judgment for defendants, appeal by plaintiff.

*Messrs. Dowd & Walker* and *Reade, Busbee & Busbee*, for plaintiff.

*Messrs. Jones & Johnston*, for defendants.

RUFFIN, J.   There is no ground for the plaintiff's exception.   The note was merged in the judgment, and we presume had been cancelled by the justice, as it should have been.  At all events, it was properly accounted for by proof that it was on file with the papers in the justice's office. *Gregory* v. *Hooks*, 11 Ired., 371.   Therefore the first instruction asked for was properly refused.

As to the second instruction—Conceding it to have been the duty of the constable to have received the money of the justice and paid it over to the plaintiff, still, we think it was properly refused, as there was certainly some evidence going to show that he had so done.   The plaintiff's own witness (Dowd) testified that he had received money on the claims from time to time, and until he thought all had been paid

that could have been collected on them ; and that he so declared to the defendants when he made a demand on them after the death of the constable. In the face of this testimony, it would have been manifestly improper for the court to have instructed the jury that there was no evidence that the amount due, on this particular note, had ever been paid to the plaintiff.

No error.                              Affirmed.